## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

TOD TOWNSEND,

    Plaintiff,                                                 CASE NO.:

-vs-

EQUIFAX INFORMATION
SERVICES, LLC, and
EXPERIAN INFORMATION
SOLUTIONS, INC.,

    Defendants.

_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Tod Townsend (hereinafter "Plaintiff"), sues Defendants, Equifax Information Services, LLC and Experian Information Solutions, Inc., and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

## **PRELIMINARY STATEMENT**

1. The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## **JURISDICTION**

2. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

1

3. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

4. Venue is proper in this District as Plaintiff is a natural person and a resident of Seminole County, Florida; the violations described in this Complaint occurred in this District; and the Defendants all transact business within this district.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a (c).

6. Upon information and belief, Equifax Information Services, LLC (hereinafter "Equifax"), is a corporation with its principal place of business in Atlanta, Georgia, authorized to conduct business in the State of Florida through its registered agent, The Prentice-Hall Corporation System, located at 1201 Hays Street, Suite 105, Tallahassee, Florida, 32301.

7. Upon information and belief, Equifax is a "consumer reporting agency," as defined in 15 USC § 1681(f). Upon information and belief, is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

8. Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.

9. Under information and belief, Experian Information Solutions, Inc. (hereinafter "Experian"), is a corporation incorporated under the laws of the State of California, authorized to conduct business in the State of Florida through its registered agent, CT Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

10. Upon information and belief, Experian is a "consumer reporting agency," as defined in 15 USC § 1681(f). Upon information and belief, is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

11. Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

12. Plaintiff had a Florida Department of Revenue child support account. At all times relevant, Plaintiff made his child support payments on time and his account was current.

13. For reasons unknown to Plaintiff, Equifax has been reporting that Plaintiff's child support account was 120 days delinquent in July of 2013 and between February 2015 and October 2015, and that it was in collections in November 2015, August 2017 through October 2017.

14. The aforementioned information Equifax is reporting is false. At all times relevant Plaintiff has been current on his child support account and has never been 120 days past due or in collections.

15. For reasons unknown to Plaintiff, Experian has been reporting that Plaintiff "Failed to Pay" his child support payments in October 2015, November 2015, September 2017, and October 2017.

16. The aforementioned information Experian is reporting is false. At all times relevant, Plaintiff has been current on his child support account and has never failed to pay his monthly payment.

17. Plaintiff has repeatedly disputed this information with Equifax to no avail.

18. For example, in May of 2019 Equifax responded to Plaintiff's dispute of the inaccurate information it is reporting and advised that it had verified the accuracy of the information it is reporting.

19. To this date, both Equifax and Experian continue to report inaccurate information regarding the status of Plaintiff's child support account despite Plaintiff's repeated written disputes of the inaccuracies described in this complaint.

20. Due to the actions and/or inactions of Experian and/or Equifax, Plaintiff was denied a job with "Foresters Insurance."

21. "Foresters Insurance" reviewed Plaintiff's Equifax and Experian credit reports and as a result of the inaccurate information contained in those reports, as described in this complaint, Plaintiff was denied employment with "Foresters Insurance."

22. Plaintiff has suffered from additional denials of credit as a result of the actions and/or inactions of Experian and/or Equifax.

23. Plaintiff has suffered from anger, sleeplessness, frustration, humiliation, embarrassment, worry, fear, and emotional distress as a result of the actions and/or inactions of Experian and/or Equifax.

**CAUSES OF ACTION**

**COUNT I**
**Violations of the Fair Credit Reporting Act as to Equifax**

24. Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-three (23) above as if fully set forth herein.

25. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

26. As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of employment, loss of the ability to purchase and benefit from credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit/employment denials.

27. Equifax's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

28. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Equifax, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT II
**Violation of the Fair Credit Reporting Act as to Defendant Equifax**

29. Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-three (23) above as if fully set out herein.

30. Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has to know is unreliable.

31. As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

32. Equifax's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 USC § 1681o.

33. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, Equifax, jointly and severally; for his attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## COUNT III
**Violations of the Fair Credit Reporting Act as to Experian**

34. Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-three (23) above as if fully set forth herein.

35. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

36. As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of employment, loss of the ability to purchase and benefit from credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit and employment denials.

37. Experian's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

38. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Experian, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

Respectfully Submitted,

*/s/ Frank H. Kerney, III.*
Frank H. Kerney, III, Esq.
FBN: 88672
Morgan & Morgan, Tampa, P.A.

                                              201 N. Franklin St., Suite 700
                                              Tampa, Florida 33602
                                              Telephone: 813-577-4729
                                              Facsimile: 813-559-4831
                                              FKerney@ForThePeople.com
                                              MMartinez@forthepeople.com
                                              *Counsel for Plaintiff*